Shauck, J.
Two propositions are urged in support of the conclusion that the issuance of the bonds was not authorized in view of the facts alleged in the petition. The first is, that the board of park commissioners did not take action favoring the issuance of said bonds in the manner prescribed by the act of May 9, 1908, providing for the establishment of park commissioners and defining the powers and duties of such boards when established. Section 3 of the act cited leaves no room whatever for contention upon this point. The third section of the act provides in terms that “all questions acted upon shall be decided by yea and nay vote with the name of each member voting recorded on the journal; and no question shall be decided unless approved by a majority of the board.” The petition shows that this mandatory provision of the statute was not complied with by the board of park commissioners.
It is further urged that at all events, the power of the municipality to make the bond issue contemplated, is restricted by Sections 2835-2837, Revised Statutes. Counsel agree that if the case is *31 to be determined by the provisions of these sections,. a majority of the popular vote of less than two-thirds would not authorize the issue, since it would exceed four per cent, of the total value of all property in the municipal corporation as listed and assessed for taxation. Upon that proposition the provisions of the statute leave no doubt whatever. But on behalf of the plaintiffs in error, it is urged that the city of Cincinnati, having provided in the .manner pointed out by statute for a park commission, and that commission favoring the issue of the bonds, takes the case out of the statutory provisions above referred to, and provides for the issue of bonds by another mode, that provided in the statute authorizing the creation of the park commission. It is true that in the cases to which it applies, Section 6 of the park. commission act, 99 Ohio Laws, page 442, does provide that when a majority of the electors of the city, either at a special or general election, shall vote to authorize the issuance of bonds, it shall be the duty of the council of the city to enact all legislation necessary to carry into effect their expressed will. The later act contains no provision whatever expressly amending or modifying the provisions of Section 2835 and following. It is pertinent, therefore, to bear in mind that amendments by implication occur only when it results from the necessity of giving effect to the later legislation. Section 6 of the park commission act contains no suggestion that it was intended to authorize, either the city council, or the park commission, or both acting together, to issue bonds in excess of four per cent, of the taxable' value of the property of the city without *32 authorization by two-thirds of the voters of the city. That section obviously was not intended to modify the' preceding legislation in this regard in any respect. Its object was to provide for the contingency of a difference of views between the park commission and the municipal council respecting the proposed issue of bonds for park purposes within' the limit of four per cent, of the taxable value of the property of the city. In other words, the favoring vote of a bare majority, as contemplated in the later legislation, was not intended as a substitute for the two-thirds vote required by the previous legislation, but was only to be substituted for the favorable action of the city council, when it refuses to act favorably upon the recommendation of the park commission.
Upon both grounds it seems entirely clear that the injunction was properly granted

Judgment affirmed. ,

Crew, C. J., Summers, Spear, Dávis and Price, JJ., concur.